The parties to the suit were partners, retail dealers in furs. The partnership came to an abrupt end when the defendant made way with most of its merchandise on a Sabbath while his more orthodox and pious partner was at devotions *Page 468 
in the synagogue. An accounting was ordered. An inventory taken nine days before showed merchandise assets of $6,444. The value of the remnant taken over by the receiver in the cause, three days after the business was wrecked, was $1,140. The defendant admitted selling some of the furs in bulk for $1,600, the market value of which was conceded to be $1,925. The master charged the defendant only with the goods he had sold and at the price he received, to which the complainant excepts. The master should have determined the value of the merchandise as of the day of the involuntary dissolution, and the value of the remnant in the receiver's hands, and, after making due allowance for sales from the time the inventory was taken until the closing down of the business, charged the defendant with the difference, giving him opportunity to further discharge himself if he could. The inventory should have been taken as prima facie evidence of the stock and value. The burden of discharging himself of the difference was upon the defendant because of his responsibility for the confusion. The defendant is liable for the real value of the assets appropriated by him, not the price at which he sold them. Phillips v. Reeder Prior, 18 N.J. Eq. 95. Exception sustained.
The defendant was allowed $647.23, which he claimed he paid to one Klein, a debt of the co-partnership. The proof rests solely on the testimony of the defendant, and it is not convincing. There is no satisfactory voucher. The exception is sustained, with leave to produce further evidence to support the discharge.
The master refused to charge the defendant with $94 cash alleged to have been in the safe of the firm on the day of the raid and taken by the defendant. The charge is not established; the proof that the money was in the safe does not preponderate. Exception overruled.
The master charged the complainant with $250, the price of a fur coat — merchandise of the firm — sold by him to Mrs. Krumholtz. He received and accepted credit for the sum on interest due on a debt owed by him to the purchaser. Exception overruled. *Page 469